```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
TERRELL FORTH,                      :       1:21-cv-8298 (NLH)
                                    :
                 Petitioner,        :       **OPINION**
                                    :
     v.                             :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                 Respondent.        :
_____:

**APPEARANCES**:

Terrell Forth
01279267
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

    Petitioner pro se

Philip R. Sellinger, United States Attorney
Diana Vondra Carrig, Assistant United States Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
Camden, New Jersey 08101

    Attorneys for Respondent


**HILLMAN, District Judge**

    This matter comes before the Court on Petitioner Terrell Forth's motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255.  ECF No. 1.  Petitioner further requests the appointment of pro bono counsel.  ECF No. 4.  The United States opposes the motion.  ECF No. 8.  For the

reasons stated below, the Court will dismiss the § 2255 motion as untimely and deny the motion for counsel.  No certificate of appealability shall issue.

I.  BACKGROUND

On October 11, 2006, the Honorable Jerome B. Simandle, D.N.J., sentenced Petitioner on two indictments that were consolidated for sentencing: United States v. Forth, No. 04-cr-0511 (D.N.J.) charged Petitioner with one count of unlawful possession of a firearm, 18 U.S.C. § 922(g)(1); and United States v. Forth, No. 05-cr-0001 (D.N.J.) charged him with two counts of bank robbery, 18 U.S.C. § § 2113(a).  Judge Simandle sentenced Petitioner to 78 months on the firearm charge and 160 months on each of the robbery charges, to be served concurrently with each other and the firearm charge.  Forth, No. 05-cr-0001 ECF No. 36 at 2.  Petitioner also received a three-year supervised release term.  Id. at 3.

Petitioner appealed to the United States Court of Appeals for the Third Circuit arguing that Judge Simandle "applied the incorrect standard of proof for facts that led to the imposition of a five-level enhancement to his Guidelines base offense level."  United States v. Forth, 216 F. App'x 236, 237 (3d Cir. 2007).  The Third Circuit affirmed the judgments on February 14, 2007.  Id.

On April 20, 2017, Florence Township Police Officers executed a search warrant at Petitioner's apartment and recovered evidence of drug trafficking.[1]  ECF No. 8 at 2. Petitioner was still on supervised release at this time.  Id. The U.S. Probation Office filed a petition for a warrant alleging Petitioner violated his terms of supervised release by: (1) committing another crime; (2) failing to notify Probation of his change of address; (3) associating with persons engaged in criminal activity; and (4) frequenting a location where controlled substances are illegally sold, used, distributed, or administered.  Forth, No. 04-cr-0511 ECF No. 38.[2]  Judge Simandle issued the warrant on April 25, 2017.  Id. at 3.

Judge Simandle conducted a hearing on the violation of supervised release ("VOSR") petition on May 16, 2018.  No. 04-cr-0511 ECF No. 47.  "At the hearing, Petitioner pleaded guilty to violation 1 with a verbal plea agreement that the United States would move to dismiss violations 2-4 of the VOSR petition at sentencing."  ECF No. 8 at 3.  "That same day, Judge Simandle

---

[1] "On April 23, 2018, Petitioner pled guilty in Burlington County Superior Court to possession with intent to distribute cocaine, a third degree felony offense, and was sentenced to 4 years flat to run concurrent with whatever sentence he received on his pending federal VOSR."  ECF No. 8 at 3.

[2] For ease of reference the Court will cite to the docket entries of No. 04-cr-0511, but the supervised release violations are docketed under No. 04-cr-0511 and No. 05-cr-0001.

3

sentenced Petitioner to a term of 18 months' imprisonment on each of the three federal offenses, with Petitioner's 18 month sentences on the bank robberies (Crim. No. 05-001) to run concurrent to each other but consecutive to his 18 month sentence on the felon-in-possession offense (Crim. No. 04-511), thereby producing an aggregate term of 36 months' imprisonment." ECF No. 8 at 3; No. 04-cr-0511 ECF No. 48.  In addition, Judge Simandle ordered that Petitioner be placed "on supervised release for a term of 18 months on violation #1 of the petition as it refers to Count One of the indictment, all such term of supervised release are to run concurrent with Docket# 05-0001, for a total term of supervised release of 18 months."  No. 04-cr-0511 ECF No. 48 at 3.

The Clerk's Office received a "notice of intent to appeal" from Petitioner on November 26, 2018.  No. 04-cr-0511 ECF No. 49.  The notice of appeal was dated May 28, 2018.  Id.  On December 6, 2018, the Clerk's Office received a motion for leave to file the notice of appeal nunc pro tunc.  No. 04-cr-0511 ECF No. 50.  This Court denied that motion on February 24, 2020.[3] No. 04-cr-0511 ECF No. 58.  The Third Circuit dismissed the appeal for lack of appellate jurisdiction on April 15, 2020. No. 04-cr-0511 ECF No. 60.  Petitioner was released from state

---

[3] The matter was reassigned to the undersigned following Judge Simandle's passing in July 2019.

custody and began serving his 18 months of supervised release on July 24, 2020.  No. 04-cr-0511 ECF No. 65 at 2.  On September 14, 2020, this Court issued an arrest warrant charging Petitioner with nine more supervised release violations.  Id.

Petitioner filed the instant motion under § 2255 on April 5, 2021.  The Court ordered the United States to file a response.  ECF No. 3.  The United States filed its answer on October 5, 2021, ECF No. 8, and Petitioner filed a response on October 20, 2021, ECF No. 11.

II.  STANDARD OF REVIEW

Section 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

III. ANALYSIS

Petitioner challenges his VOSR conviction and sentence, arguing that he received ineffective assistance of counsel and that his sentence exceeded the statutory maximum.  ECF No. 1.  He claims that trial counsel told him "that there were no grounds for appeal and any attempts would be unwise for me."  Id. at 11.  He asks the Court to "[t]erminate [the] current term

5

of supervision . . . ." Id. at 14. The United States argues this challenge to Petitioner's 2018 VOSR conviction is too late under § 2255. ECF No. 8.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations for filing a motion under § 2255. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Petitioner did not file a timely appeal; therefore, his VOSR conviction became final on May 31, 2018, 14 days after his

6

judgment of conviction was entered. Fed. R. App. P. 4(b)(1). As such, a timely § 2255 motion was due Thursday, May 31, 2019. Petitioner submitted his § 2255 motion for mailing on March 31, 2021, almost two years after the statute of limitations expired. ECF No. 1. The motion is untimely and subject to dismissal unless equitable tolling applies.

"[T]he doctrine of equitable tolling permits untimely habeas filings in 'extraordinary situations.'" United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013) (quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Fla., 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

To satisfy the diligence prong of the equitable tolling analysis, "a petitioner must demonstrate that he has been pursuing his rights with 'reasonable diligence in the circumstances.'" Martin v. Adm'r New Jersey State Prison, 23 F.4th 261, 273 (3d Cir. 2022) (quoting Wilson v. Beard, 426 F.3d 653, 660 (3d Cir. 2005)). The record indicates Petitioner has not been reasonably diligent in pursuing his rights. Petitioner did not challenge the May 16, 2018 judgment until November 26, 2018, and the Court denied Petitioner's motion to file the

7

notice of appeal nunc pro tunc.  No. 04-cr-0511 ECF No. 58.  In addition to his delay in filing a direct appeal, Petitioner did not file his § 2255 motion until almost a year after the Third Circuit dismissed his appeal on April 15, 2020.  No. 04-cr-0511 ECF No. 60.  Petitioner provides no explanation for this additional delay.

Petitioner "need not have acted with 'maximum feasible diligence,' but he also cannot have been 'sleeping on his rights.'"  Martin, 23 F.4th at 273 (quoting Munchinski v. Wilson, 694 F.3d 308, 331 (3d Cir. 2012)).  Petitioner experienced the consequences of not seeking relief in a timely manner, making it unreasonable for him to wait so long to file his § 2255 motion.  The Court concludes Petitioner has not shown he acted with reasonable diligence in pursuing relief and will deny equitable tolling without reaching the "extraordinary circumstances" element.  See Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016) ("[W]e have expressly characterized equitable tolling's two components as 'elements,' not merely factors of indeterminate or commensurable weight.").

Petitioner does not respond to the timeliness argument in his response beyond referring to it as "the pretense of timeliness" argument.[4]  ECF No. 11.  However, he wrote in the

---

[4] The Court notes that Petitioner claims he did not receive the United States' answer.  ECF No. 11 at 1.  The Court concludes

8

"Timeliness of Motion" section of his original motion that the one-year statute of limitations did not bar his petition because

> (1) sentence violates substantive rights.  Hearing must be held on merits.  (2)  Attorney advised me that there were no grounds to appeal (3) Time limitations are acts of Congress and do not enlarge or modify the substantive rights of petitioners and the constitutional provision for right to [redress] and grievance/remedy & recourse (4) Petitioner has no plea agreement in place to prevent a collateral attack of the sentence and conviction.

ECF No. 1 at 13.  He also argues "[t]he Supreme Court has recognized § 2255 remedies for 3 instances: jurisdictional & constitutional errors as well as errors involving fundamental defects which inherently result in a complete miscarriage of justice," and the Court should address the motion on the merits because his arguments qualify under all three.  ECF No. 11 at 1. He further invokes § 2255's savings clause.  Id. at 2.  To the extent these are actual innocence arguments, Petitioner is not entitled to relief.

"[T]o prevent a 'fundamental miscarriage of justice,' an untimely petition is not barred when a petitioner makes a 'credible showing of actual innocence,' which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation."  Reeves v. Fayette

---

this does not preclude a decision because Petitioner received notice from the Court that the United States raised the timeliness defense, ECF No. 10, which he acknowledged in his response, ECF No. 11 at 1.

9

SCI, 897 F.3d 154, 160 (3d Cir. 2018), as amended (July 25, 2018). "Although a habeas petitioner's actual innocence can serve as a gateway to pierce the § 2255(f) statute of limitations, it is not enough that a habeas petitioner merely assert his innocence, he must actually show 'that it is more likely than not that no reasonable juror would have convicted him.'" Cruz v. Davis, No. 19-13351, 2022 WL 671358, at *3 (D.N.J. Mar. 7, 2022) (quoting McQuiggin v. Perkins, 569 U.S. 383, 391-99 (2013)) (emphasis in original). Petitioner argues that the VOSR sentence exceeded the statutory maximum and his attorney failed to appeal that sentence; he does not claim that he is actually innocent of violating his supervised release. Therefore, the "actual innocence" exception does not equitably toll the statute of limitations for Petitioner's late § 2255 motion.

Petitioner also improperly invokes § 2255's savings clause, which reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The savings clause of § 2255 "allows a federal prisoner to seek a writ of habeas corpus under 28 U.S.C.

10

§ 2241 when § 2255's remedy 'is inadequate or ineffective to test the legality of his detention.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 174 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)). Petitioner is not proceeding under § 2241, and his claims would not be appropriate for a § 2241 petition in any event. "Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired . . . . ." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

As the Court is dismissing the § 2255 motion as untimely, the Court will deny Petitioner's request for counsel. ECF No. 4.

IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

11

in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

V. CONCLUSION

For the foregoing reasons, the motion to correct, vacate, or set aside Petitioner's federal conviction will be dismissed as untimely.  The motion for counsel will be denied.  No certificate of appealability shall issue.  An appropriate order will be entered.


Date: April 13, 2022                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.